UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____

OKEZIE I. ONYEANUSI,                     )
                                          )
          Plaintiff,                      )
                                          )
     v.                                   )     Civil Action No. 08-1172 (PLF)
                                          )
DISTRICT OF COLUMBIA,                     )
                                          )
          Defendant.                      )
_____)


MEMORANDUM OPINION AND ORDER

Plaintiff Okezie Onyeanusi has written a letter to the Court requesting the reinstatement of his lawsuit, which was dismissed for want of prosecution after Mr. Onyeanusi repeatedly failed to appear for status conferences without notifying the Court of the reasons for his absences. See Order (May 26, 2011) [Dkt. No. 32]; Motion for Order to Reinstate Case [Dkt. No. 33]. In response to Mr. Onyeanusi's letter, the Court ordered the defendant, the District of Columbia, to show cause (1) why the letter should not be treated as a motion under Rule 60(b) of the Federal Rules of Civil Procedure, and (2) why the motion should not be granted. See Minute Order (Mar. 21, 2012). The defendant has now submitted its response. The defendant does not object to treating Mr. Onyeanusi's letter as a motion under Rule 60(b), but it argues that the motion should be denied because Mr. Onyeanusi has not satisfied either of the two criteria that arguably could justify relief from the Court's order dismissing his case. Specifically, the defendant contends that Mr. Onyeanusi has not demonstrated that his failure to appear resulted from "excusable neglect" under Rule 60(b)(1) or that there is "any other reason that justifies relief" under Rule 60(b)(6). See Response [Dkt. No. 34] at 3-5.

The Court will give Mr. Onyeanusi an opportunity to reply to the defendant's arguments. If Mr. Onyeanusi has nothing to add to his original letter, the Court nevertheless would like him to reaffirm his continued desire and ability to proceed with his case. The Court therefore will order Mr. Onyeanusi to file a reply to the defendant's response that shall include, at minimum, a statement expressing that he still wishes to proceed and is willing to comply with the requirements of the litigation process and the orders of the Court.[1]

Accordingly, it is hereby

ORDERED that on or before May 25, 2012, Mr. Onyeanusi shall file a reply in support of his request. This reply shall include a statement that expresses his present willingness and ability to pursue his case and to comply with the requirements of the litigation process and the orders of the Court. The reply may also explain why Mr. Onyeanusi is entitled by Federal Rule of Civil Procedure 60(b) to have his case reinstated despite the arguments made in the defendant's response; it is

---

[1]    Mr. Onyeanusi sent a copy of his letter to the Court and to the defendant. The copy sent to the Court included as an attachment medical records from Holy Cross Hospital and Howard County General Hospital. These personal medical records were not docketed on the Court's ECF system along with Mr. Onyeanusi's letter. The defendant's response explains that the copy of Mr. Onyeanusi's letter sent to the defendant did not include any attachments, and so the defendant has not seen the medical records submitted by Mr. Onyeanusi.

These medical records show emergency room treatment on January 29, 2011; hospitalization between June 15 and June 21, 2011; hospitalization between July 4 and July 12, 2011; and hospitalization between July 20 and July 28, 2011. If the defendant wishes to supplement or modify its response in light of this information, of which it previously was unaware, the defendant may file a surreply.

The Court further observes that Mr. Onyeanusi's letter was sent to the Court at the same time that it was sent to the defendant; the delay in the letter's filing on the ECF system is not attributable to Mr. Onyeanusi. In any event, the defendant indicates that this fact does not change its position that relief under Rule 60(b) is unwarranted. See Response at 4 n.1.

FURTHER ORDERED that on or before June 8, 2012, the defendant may file a surreply that modifies or supplements its arguments with respect to the information about Mr. Onyeanusi's hospitalizations discussed above in footnote 1.

SO ORDERED.


/s/_____
PAUL L. FRIEDMAN
DATE: April 27, 2012                United States District Judge